UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SEIDY MARIA TIBURCIO,   \*
                        \*
    Plaintiff,           \*
                        \*
v.                      \*   Civil Action No. 10-11655-JLT
                        \*
UNITED STATES OF AMERICA, \*
                        \*
    Defendant.           \*

MEMORANDUM

March 28, 2011

TAURO, J.

I.  Introduction

This action stems out of Plaintiff Seidy Maria Tiburcio's claim against the Government for damages allegedly inflicted upon her by a family counselor at a federally supported health center. Presently at issue are the Government's Motion to Dismiss [#3] and Motion to Remove the Superior Court's Default Judgment [#9]. For the following reasons, both Motions are ALLOWED.

II. Background

  A.  Factual Background[1]

On December 11, 2008, Magda Trujillo, Plaintiff's family counselor, "abused the trust"

---

[1] Because the issues analyzed here arise in the context of a Motion to Dismiss, this court presents the facts as they are related in Plaintiff's complaint, see Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008), and construes those facts in the light most favorable to Plaintiff, see Pettengill v. Curtis, 584 F. Supp. 2d 348, 362 (D. Mass. 2008) (quoting Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 96 (1st Cir. 2007)).

that Plaintiff had placed in her by giving Plaintiff a "toxical liquid to drink" that hurt Plaintiff.[2]

Plaintiff accuses Trujillo of medical malpractice, violation of patient rights, personal humiliation, false accusations, abuse of patient confidence, "of playing with [Plaintiff's] health and intelligence," lack of loyalty to professional ethics, lack of feelings toward her peers, and lack of loyalty to the United States.[3] Plaintiff wants Trujillo arrested and wants her to "pay[] for all the physical damage caused" to Plaintiff.[4] Plaintiff also seeks to be "compensated for damages."[5]

    B.    Procedural Background

Plaintiff originally filed this case in Suffolk County Superior Court against Trujillo.[6] On September 24, 2010, the Superior Court issued a Default Order against Trujillo.[7]

On September 29, 2010, the Government removed this action to this court on the ground that federal district courts have original jurisdiction over suits in which the United States or an agency of the United States is sued in its official capacity.[8] Also on September 29, 2010, the Government was substituted for Trujillo as Defendant.[9]

---

[2] Notice Removal United States District Ct. District Massachusetts, Ex. A, 3 [#1] [hereinafter Notice Removal] (attaching the state-court complaint).

[3] Notice Removal, Ex. A, 3–4 [#1].

[4] Notice Removal, Ex. A, 4 [#1].

[5] Notice Removal, Ex. A, 4 [#1].

[6] Notice Removal ¶ 1 [#1].

[7] Mot. Remove Superior Ct.'s Default J., 1 [#9].

[8] See 28 U.S.C. § 1346(a)(2); see also id. at § 1441.

[9] Notice Substitution [#2]. The grounds for the substitution were as follows: Plaintiff's action against Trujillo stemmed from a counseling session at the Roxbury Comprehensive Community Health Centers, Inc. ("RoxComp"). Id. ¶¶ 1, 2. RoxComp is a federally supported health center facility under the federally supported Health Centers Assistance Act ("FSHCAA").

2

III.   Discussion

   A.   The Motion to Remove the Superior Court's Default Judgment

A court has jurisdiction over the United States only if there is a clear waiver of sovereign immunity and the claim falls within the terms of that waiver.[10] It is a plaintiff's burden to show that sovereign immunity exists.[11] In a case in which the government has not waived sovereign immunity, the court does not have jurisdiction, and any decision issued by that court is void.[12] Pursuant to Federal Rule of Civil Procedure 60(b)(4), void judgments are subject to relief of judgment.[13] Moreover, in the case of default judgments, a court may "set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."[14]

Here, Plaintiff has not shown that there has been a valid waiver of sovereign immunity by

---

Id. ¶ 1.  By operation of the Act, FHSCAA facilities and their employees are covered entities under the Federal Tort Claims Act ("FTCA"). Id.

   Trujillo is a family therapist at RoxComp and is a covered employee under the FTCA. Id. ¶ 2.  The Government has also certified that Trujillo was acting within the scope of her employment during the times relevant to the complaint. Id.

[10] United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003) ("Jurisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver." (citations omitted)).

[11] Hayes v. United States, 539 F. Supp. 2d 393, 397 (D.C. Cir. 2008) (citing Tri-State Hosp. Supply Corp. v. United States, 341 F.3d 571, 575 (D.C. Cir. 2003)).

[12] M&K Welding, Inc. v. Leasing Partners, LLC, 386 F.3d 361, 364 (1st Cir. 2004) ("[A] default judgment issued without jurisdiction over a defendant is void . . . ." (citing Precision Etchings & Findings v. LGP Gem Ltd., 953 F.2d 21, 23 (1st Cir. 1992))).

[13] Fed. R. Civ. P. 60(b) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding [if] . . . the judgment is void . . . .").

[14] Fed. R. Civ. P. 55(c).

Congress that would give the Suffolk County Superior Court jurisdiction over the Government. Because the state court did not have jurisdiction over this matter, the state court's Default Order is void.[15] This court therefore sets aside the default judgment that was entered against Trujillo on September 24, 2010.[16]

    B.    The Motion to Dismiss

Under the Federal Tort Claims Act ("FTCA"), a plaintiff's exclusive remedy for a tort claim against an employee or covered entity of the United States is an action against the United States under the FTCA.[17] An administrative claim is an absolute prerequisite to suit under the FTCA.[18] Failure to follow the claim procedures vitiates the FTCA's waiver of sovereign immunity and deprives a U.S. district court of jurisdiction over a tort claim against the government.[19] A plaintiff bears the burden of proving that subject matter jurisdiction exists.[20]

Here, Plaintiff's claim falls under the FTCA because Trujillo is a covered employee under

---

[15] See Fed. R. Civ. P. 60(b)(4).

[16] See Fed. R. Civ. P. 55(b).

[17] See 28 U.S.C. §§ 2675(a), 2679(b)(1).

[18] Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002) ("Pursuant to the FTCA, a tort claim against the United States is 'forever barred' unless it is presented in writing to the appropriate federal agency within two years after the claim accrues. Accordingly, it is well-settled that an FTCA claim must be dismissed if a plaintiff fails to file a timely administrative claim." (citations omitted) (quoting 28 U.S.C. § 2401(b))); see 28 U.S.C. § 2675(a).

[19] See Acosta v. U.S. Marshals Serv., 445 F.3d 509, 513 (1st Cir. 2006) (citing Santiago-Ramirez v. Sec'y of Dep't of Def., 984 F.2d 16, 18, 19–20 (1st Cir. 1993)).

[20] Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); In re Rivera Torres, 432 F.3d 20, 23 (1st Cir. 2005) (citing Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995)).

4

the FTCA.[21] But Plaintiff has failed to follow the procedural requirements of the FTCA. Plaintiff was required to file an administrative claim before filing this action, which she does not allege that she did and which she did not in fact do. For that reason, this court lacks jurisdiction over Plaintiff's claims and this action must be dismissed.

IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [#3] and Motion to Remove the Superior Court's Default Judgment [#9] are ALLOWED.

AN ORDER HAS ISSUED.

    /s/ Joseph L. Tauro
    United States District Judge

---

[21] See supra note 9.